IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANN M. STOCK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-215-DRH |
| | ) | |
| INTEGRATED HEALTH PLAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court held a telephonic discovery dispute conference with the parties on October 24, 2006. Jeffrey A.J. Millar appeared on behalf of Plaintiffs; Michael Kendall and Lauren M. Papenhausen appeared on behalf of Defendant. In the hearing, Defendant sought rulings as to whether Plaintiffs would be required to answer or supplement previous answers to numerous outstanding discovery requests and interrogatories served upon them. The rulings are set for below.

Also, Defendant made an oral motion to reset the deadline for taking Plaintiffs's depositions to avoid having to re-depose any witness in the event that, pursuant to this Order, Plaintiffs later provide more responses and/or documents that are relevant to deposition testimony. The oral motion is **GRANTED** and the deadline for taking Plaintiffs's depositions is hereby **RESET** to **November 24, 2006**.

**PLAINTIFF ANN M. STOCK, D.C.'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**[1]

Interrogatory No. 11

---

[1] The Court's rulings in respect to the interrogatories and answers under this heading shall also apply to substantially similar interrogatories and answers in **Plaintiffs Richard C. Coy's and Coy Chiropractic Health Center's Responses to Defendant's First Set of Interrogatories**.

Defendant seeks a list of all civil or criminal cases in which Plaintiff was a party. Plaintiff objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and has limited her response to cases involving her and relating to Silent PPO's. The Court overrules Plaintiff's objection. Therefore, Plaintiff **SHALL**, by **November 10, 2006**, supplement his previous response to include <u>all</u> civil and criminal cases to which Plaintiff was a party -- not just those involving Silent PPO's.

<u>Interrogatory No. 13</u>

Defendant seeks a one to two paragraph summary of the reasons Plaintiff believes that equitable relief is necessary in this matter. Plaintiff's response directs Defendant to the Complaint. Plaintiff **SHALL**, by **November 10, 2006**, provide Defendant a one to two paragraph summary of the reasons Plaintiff believes that equitable relief is necessary in this matter.

<u>Interrogatory No. 14</u>

Defendant seeks the basis of Plaintiff's allegation of irreparable harm as made in paragraph 69 of the Complaint. Plaintiff's response directs Defendant to the Complaint. Plaintiff **SHALL**, by **November 10, 2006**, provide Defendant a one to two paragraph summary of the basis for her allegation of irreparable harm as made in paragraph 69 of the Complaint.

<u>Interrogatory No. 16</u>

Defendant seeks the approximate number of class members in the putative class and how Plaintiff arrived that number. Plaintiff's response provides a ballpark figure and directs Defendant to deposition testimony. Plaintiff **SHALL**, by **November 10, 2006**, supplement her previous response by providing an inventory of the proposed class members, organized

according to geography, type of provider, type of contract, and type of insurance.

Interrogatory No. 17

Defendant seeks identification of other legal services that Plaintiff's counsel has provided Plaintiff in addition to representation in the current lawsuit. Plaintiff objects that this information is protected by the attorney-client privilege.

The United States Court of Appeals for the Seventh Circuit has ruled that the attorney-client privilege protects "correspondence between [an] attorney and [his] client which reveals the clients motivation for creation of the relationship or possible litigation strategy ... as well as bill ledgers, statements, time records and the like which also reveal the nature of the services provided." Matter of Witnesses Before Special March 1980 Grand Jury, 729 F.2d 489, 495 (1984) (internal quotation marks omitted). The Court clarified that the foregoing standard does not constitute a "blanket privilege" over every document that purports to contain information about the services the attorney is to perform. Id. More specifically, the Court limited application of the privilege to confidential communications contained in such documents that would reveal the client's motive for seeking advice. Id.; see also In re Subpoenaed Grand Jury Witness, 171 F.3d 511, 514 (7th Cir. 1999) ("A client's motive for seeking legal advice is undeniably a confidential communication."). Defendant in the instant case seeks a general identification of any legal services Plaintiffs's counsel provides to Plaintiff in addition to representation in this lawsuit. Accordingly, Plaintiff **SHALL**, by **November 10, 2006**, answer this interrogatory to the extent Plaintiff can identify the legal services provided to her without revealing her motivations for seeking such services or revealing any legal strategy. See id.

The Court encourages the parties to try to reach a mutually agreeable approach to

satisfying this interrogatory request. Nonetheless, if the parties attempt to no avail to develop a mutually agreeable approach, Plaintiff may then submit the disputed documents to the Court for *in camera* evaluation and a corresponding ruling as to which portions are covered by the privilege. See U.S. v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983) ("The party seeking to invoke the privilege has the burden of establishing all of its essential elements.").

Interrogatory No. 18

Defendant seeks identification of each law firm involved in this lawsuit pursuant to a fee agreement and a description of their respective fee arrangements with Plaintiff. Plaintiff objects that this information is protected by the attorney-client privilege.

The Seventh Circuit has held that "information regarding a client's fees is <u>not protected</u> by the attorney-client privilege because the payment of fees is not a confidential communication between the attorney and client." Matter of Witnesses, supra, at 491 (1984) (emphasis added). Being that this request does not seek confidential communications or any other information that falls under the attorney-client privilege, Plaintiff **SHALL**, by **November 10, 2006**, provide the information sought in this interrogatory. Id.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF ANN M. STOCK, D.C.**[2]

Request No. 13

Defendant seeks documents relating to Plaintiff's calculation of damages against Integrated Health Plan, Inc. ("IHP"). Plaintiff **SHALL** supplement production of these documents as they become available.

---

[2] The Court's rulings in respect to the production requests and answers under this heading shall also apply to substantially similar production requests and answers in **Plaintiffs Richard C. Coy's and Coy Chiropractic Health Center's Responses to Defendant's First Request for Production**.

Request No. 14

Defendant seeks all EOR's sent to or received by Plaintiff that allegedly involve IHP. Plaintiff **SHALL** supplement production of these documents as they become available.

Request No. 19

Defendant seeks copies of the fee agreements entered by all counsel involved in this case. Plaintiff objects that this information is protected by the attorney-client privilege. Plaintiff **SHALL**, by **November 10, 2006**, produce the fee agreements and is advised that she may redact the documents to remove information that would reveal her motivation for seeking legal services or any litigation strategy. See Matter of Witnesses, supra, at 493 (7th Cir. 1984).

Request No. 25

Defendant seeks copies of all complaints or charging documents filed in civil or criminal cases wherein Plaintiff was a plaintiff, defendant, or class representative. Plaintiff objects that this request is not reasonably calculated to lead to the discovery of admissible evidence and has limited her response to cases involving her and relating to Silent PPO's. Plaintiff **SHALL**, by **November 10, 2006**, supplement this request to reflect all civil or criminal cases in which Plaintiff was a party -- not just those involving Silent PPO's.

Request No. 26

Defendant seeks all decisions or orders relating to the denial of class certification for any case in which Plaintiff previously served as a plaintiff or class representative. Plaintiff objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and has limited her response to cases involving her and relating to Silent PPO's. Plaintiff **SHALL**, by **November 10, 2006**, supplement this production to include any decisions

or orders relating to any denial of class certification in <u>all</u> cases wherein Plaintiff served as a plaintiff or class representative -- not just those involving Silent PPO's.

**PLAINTIFFS ANN M. STOCK, RICHARD C. COY, AND COY CHIROPRACTIC HEALTH CENTER, P.C.'S RESPONSES TO DEFENDANT'S SUPPLEMENTAL REQUEST FOR PRODUCTION - REQUEST NO. 1**

Pursuant to Request No. 1, Defendant seeks copies of all contracts, between Plaintiffs and any other entities, that were in effect during the time period for which Plaintiffs seek to establish claims against IHP. Plaintiffs object that this request is not reasonably calculated to lead to the discovery of admissible evidence and that it is overly broad in that it seeks copies of contracts involving non-parties and contracts that are not similar in subject matter to the contracts at issue in this case. Pursuant to and without waiving this objection, Plaintiffs offer to produce documents that relate to the PPO's specifically involving Defendant and its affiliates. In reply to the objection and counteroffer, Defendant avers that the information it seeks might be used to show that Plaintiffs are sophisticated in drawing and reviewing contracts, which could support certain defenses that would apply only to Plaintiffs and undermine their adequacy as class representatives. Although the Court agrees that the issue of sophistication in contracting is ripe for class certification discovery in this case, it also believes that Defendant's request is overly broad for the purpose of attempting to show such sophistication. Accordingly, Plaintiffs **SHALL**, by **November 10, 2006**, supplement their production to include copies of contracts with non-party entities that were in effect during the relevant period, but may limit their production to contracts that are arguably similar in subject matter and scope to the contracts giving rise to this lawsuit.

**PLAINTIFF COY CHIROPRACTIC HEALTH, P.C.'S OBJECTION TO NOTICE OF RULE 30(b)(6) VIDEOTAPED DEPOSITION**

Plaintiff objects to Paragraph Nos. 7, 9, 10, 25, 26, 27, 29, 30, and 31 of the 30(b)(6) deposition notice.  The Court will not issue an advisory ruling as to which, if any, of these objections are sustainable for the purposes of prospective deposition testimony.  Nonetheless, the Court does hereby instruct the respective parties to adhere closely to the Federal Rules of Civil Procedure in taking and defending depositions, and to ensure that every objection ultimately made on the basis of privilege is supported by relevant legal authorities.

**DATED: October 27, 2006**

                                                              s/ *Donald G. Wilkerson*
                                                               **DONALD G. WILKERSON**
                                                               **United States Magistrate Judge**