IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANN M. STOCK, D.C., RICHARD C. COY,
D.C., and COY CHIROPRACTIC HEALTH
CENTER, P.C., individually and on behalf of
others similarly situated,

Plaintiffs,

v.

INTEGRATED HEALTH PLAN, INC.,

Defendant.                                                  No. 06-CV-00215-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION

This is a class action brought by Plaintiffs, two Southern Illinois chiropractors, individually and on behalf of classes of healthcare providers who were parties to an Integrated Health Plan, Inc. ("IHP") Participating Physician Agreement with Defendant IHP and had IHP preferred provider discounts taken against payments for medical services rendered. IHP is a Florida corporation. Plaintiffs claim that IHP breached its contract with Plaintiffs by marketing its network to Payors (insurance companies or their vendors) who do not offer financial incentives to patients who select providers within the network. The case was originally filed on February 13, 2006 in St. Clair County, Illinois. Defendant timely removed the case to this Court on March

15, 2006.

## II. MOTION TO TRANSFER

On May 30, 2006, Defendant filed a motion to transfer venue to the United Stated District Court for the Middle District of Florida pursuant to **28 U.S.C. § 1404(a)**. (Doc. 17.) Plaintiffs respond in opposition. (Doc. 25.) Each of the parties' arguments are discussed in turn below.

### A. Legal Standard

**Section 1404(a)**, which governs the transfer of an action from one federal district court to another, provides: "For the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." **28 U.S.C. § 1404(a)**. In this case, neither party disputes that venue is proper in both this Court and the transferee district (the Middle District of Florida). *See* **28 U.S.C. § 1391(a) & (c)**. What the Parties dispute is whether the interest of justice and the convenience of the Parties and witnesses weigh in favor of transfer.

The relevant standard for a section 1404(a) transfer is whether the transferee forum is "clearly more convenient." ***Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986).** The party seeking transfer has the burden of establishing this fact. ***Id.*** The purpose of **§ 1404(a)** "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." ***Van Dusen v. Barrack*, 376 U.S. 612,**

**616 (1964)**. In determining whether a motion under **§ 1404(a)** should be granted, the court must seek to promote the efficient administration of justice and not merely the private interests of the parties. ***North Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995) (Gettleman, J.)**. The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude and, therefore, is committed to the sound discretion of the trial court. ***Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989);** *Coffey*, **796 F.2d at 219**. The language of section 1404(a) does not indicate the relative weight that should be accorded to each factor. As the Seventh Circuit has noted, "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, **796 F.2d at 220 n.3 (citations omitted)**. Essentially, the Court must engage in a balancing of the competing private interests (of the Parties and witnesses) and the public interests of the Court. Each of the factors is considered below.

    **1.    Convenience to the Parties and Witnesses**

In weighing the private interests involved, the Court should consider: "1) plaintiff's choice of fourm; 2) the situs of material events; 3) the relative ease and access to sources of proof; 4) the convenience of the parties; and 5) the convenience of the witnesses." ***Amoco Oil Co. V. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (7th Cir. 2000).**

a. *Plaintiff's Choice of Forum*

The general rule is that a plaintiff's choice of forum is to be given considerable deference. ***See FDIC v. Citizens Bank and Trust Co.*, 592 F.2d 364 (7th Cir. 1979);** ***Chicago Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955)** (plaintiff's choice of forum should not be "lightly set aside"); ***In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)** ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")**; *see also Zelinski v. Columbia 300, Inc.,* 335 F.3d 633, 643 (7th Cir. 2003); *Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 70 (2d Cir. 2003)**.

However, in a nationwide class-action, plaintiff's choice of forum may be entitled to less deference. ***See Nelson v. AIM Advisors*, 2002 WL 442189 (S.D. Ill. 2002) (Reagan, J.)** (holding that "where a plaintiff alleges a nationwide class action, 'plaintiff's home forum is irrelevant'"); ***Georgouses v. NaTec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) (Gettleman, J.)** ("[B]ecause plaintiff alleges a class action, plaintiff's home forum is irrelevant."); ***Genden v. Merrill Lynch Pierce Fenner & Smith*, 621 F. Supp. 780, 782 (N.D. Ill. 1985) (Rovner, J.)**. However, in ***Chamberlain v. U.S. Bancorp Cash Balance Retirement Plan*, 2005 WL 2747921 (S.D. Ill. 2005)**, this Court held that the Seventh Circuit's decision in ***Tice v. American Airlines*, 162 F.3d 966 (7th Cir. 1998)** supported the proposition that even in the context of a class action, a plaintiff's choice of forum is not completely

4

irrelevant. There, in a class-action setting, the Seventh Circuit held that "the district court gave some weight (as it was entitled to do) to plaintiffs' choice of forum." ***Tice, 162 F.3d at 974***. Therefore, in this case, the Court finds that Plaintiffs' choice of forum is indeed entitled to some deference.

    b. *Situs of Material Events*

Defendant argues that Florida is where most of the relevant events occurred. Specifically, Defendant argues that all of the decisions regarding IHP client contracts were made in Florida where IHP personnel are located. (Doc. 17, p. 11.) Plaintiffs, on the other hand, contend that the events giving rise to this lawsuit - namely adjustments on Plaintiffs' bills made by clients of IHP - occurred all over the country. For example, Plaintiffs point to one billing incident that involved several parties in at least three different states (Illinois, Colorado, and Tennessee). (Doc. 25, p. 3.) The Court believes that events related to the IHP client contracts and the subsequent adjustments made by clients of IHP are both material. Therefore, the situs of material events is not exclusively Florida, rather it appears to the Court that the "material events" occurred all over the country. Hence, this factor also does not weigh in favor of transfer.

    c. *Access to Sources of Proof*

Defendant maintains that the contracts between Defendant and Plaintiffs are the focus of Plaintiffs' allegations and because all of the contracts are stored in Defendant's office in Florida, the sources of proof are clearly more accessible in Florida than in Illinois. Plaintiff responds, and the Court tends to agree, that the

5

"presence of documents in Florida is not a persuasive factor 'in these modern days of photocopying, faxing and other electronic means of retrieval.'" *Quoting Undertow Software, Inc. V. Advanced Tracking Technologies, Inc.*, **2002 WL 31890062 (N.D.Ill. 2002)**. Furthermore, Plaintiffs argue that the main sources of proof will come not from Defendant, but from the clients - scattered across the country - that Defendant contracted with. In addition, Plaintiffs claim that Defendant does not have any documents relating to 80% of the alleged class since those class members were not direct members of the IHP network. Presumably, these documents are spread out across the country, in the possession of individual class members. The Court tends to agree with Plaintiffs; therefore, this factor also does not weigh in favor of transfer.

        d.    *Convenience of Parties*

According to the Seventh Circuit, "[e]asy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas." ***Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000)**. In evaluating the convenience of the parties, however, "a court should consider their respective residencies and their relative ability to withstand the expenses of litigating in a particular forum." ***Tingstol Co. v. Rainbow Sales, Inc.*, 18 F.Supp.2d 930, 934 (N.D. Ill. 1998) (Alesia, J.)**.

6

Defendant argues that Florida is more convenient to the parties for two reasons. First, Defendant suggests that more putative class members live in Florida (11%) than in Illinois (3%) (although even more class members reside in California than in Florida). (Doc. 17, p. 9.) Second, Defendant contends that IHP is a very small company and that it would be a burden to have to litigate this lawsuit in Illinois, particularly given that many of its employees will be witnesses.

Plaintiffs maintain that this District is more convenient to the two named Plaintiffs and that given that nearly 90% of potential class members reside outside of Florida, this District is a more centrally located forum than Florida for other potential class members. In addition, Plaintiffs posit that Florida is not even a more convenient forum for Defendant's owner and chief officer who insisted on being deposed in Boston, Massachusetts, not Florida. Plaintiffs suggest that this demonstrates that Defendant's motion to transfer amounts to nothing more than forum-shopping.

The Court finds Plaintiffs' arguments particularly persuasive on this point. If class members wish to participate in court hearings, the Southern District of Illinois is a more centrally-located forum. In addition, the Court finds it disingenuous for Defendant to assert that Florida is a more convenient forum, while at the same time insisting that Plaintiffs depose Defendant's owner and chief officer in Boston. This factor does not weigh in favor of transfer.

   e. *Convenience of Witnesses*

Defendant argues that Florida is a more convenient forum for defense and non-

party witnesses, who they suggest are mostly located in Florida. Certainly IHP's personnel is in Florida. In addition, IHP argues that it will want to call present and former employees of IHP's three largest clients - who represent roughly 50% of IHP's client revenue - and they all work in Florida. Defendant contends that it will not be able to force these clients to travel to Illinois to testify, but that they could probably subpoena or persuade them to appear in a Florida court.

Plaintiffs, on the other hand, argue that Defendant's payor clients are located all over the country and that Defendant's owner and chief officer admitted during the course of her deposition "that at least two of Defendant's three largest clients are located outside of Florida." (Doc. 25, p. 4.) Plaintiffs maintain that decisions regarding financial incentives were made by IHP's payor clients - not by IHP personnel. Therefore, Plaintiffs believe that IHP personnel will not be critical witnesses. Plaintiffs suggest that the fact that the most important witnesses, IHP payor clients, are scattered across the country makes this District a more convenient forum - because it is more centrally located. The Court is not persuaded that one forum is necessarily more convenient for witnesses than the other. Therefore, this factor does not weigh in favor of transfer.

### 2. Interest of Justice

Factors to consider under this prong include 1) the speediness of each district in concluding their proceedings, 2) the districts' familiarity with the applicable law, and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. ***Amoco Oil Corp.*, 90 F. Supp. 2d at 963.**

Furthermore:

> Factors traditionally considered in an "interest of justice" analysis relate to the efficient administration of the court system. For example, the interest of justice may be served by a transfer to a district where the litigants are more likely to receive a speedy trial . . . . The "interest of justice" analysis relates, then, to the efficient functioning of the courts, not to the merits of the underlying dispute.

*Coffey*, **796 F.2d at 221.** Each of these factors is discussed below.

    a.    *Speediness*

Defendant argues that transfer to the Middle District of Florida will ensure a speedier resolution of this case. Defendant relies on statistics from 2005, which suggest that the median length of time from filing to disposition in the Middle District of Florida was 8.3 months for civil cases compared to 9.5 months in this District. Plaintiffs respond that the statistics from 2002 and 2004 show that cases go to trial quicker in this District than in the Middle District of Florida. From the Court's review of the statistics over the past five years, the Court finds that cases move at about the same rate in both districts. Therefore, this factor does not weigh in favor of one forum over the other.

    b.    *Familiarity with Applicable Law*

Defendant posits that approximately 95% of all of IHP's provider contracts contain a Florida choice-of-law provision. Therefore, Defendant argues, a federal court in Florida will be more familiar with the applicable Florida law. Plaintiff responds that Defendant has not noted any conflict-of-law issue that would make "this a real concern" and that if such an issue did arise that Illinois choice-of-law

9

rules would apply. The Court does not believe this factor weighs in favor of transfer either as "courts are often called upon to decide substantive legal questions based upon another state's laws. Generally, contract law is not particularly complex." ***Amoco*, 90 F.Supp.2d at 962.**

        c.    *The Relation of the Community to the Occurrence and the Desirability of Resolving Controversies in Their Locale*

Lastly, Defendant argues that community members in the Middle District of Florida have a greater interest in the outcome of this litigation because it involves a small, Florida business. Defendant also points out that Plaintiff Coy has filed several lawsuits against medical companies and that "[w]hatever interest the Southern District of Illinois has in compensating such an active plaintiff for any loss he claims to have suffered will be satisfied in one of the many cases currently pending in Illinois courts." (Doc. 17, p. 7.)

Conversely, Plaintiffs argue that this District has a greater interest in this case because it involves Illinois medical providers who provide medical services to the people of this community. Plaintiffs also argue that the class in this case has yet to be certified and, therefore, it has yet to be determined who will make up that class. The only certainty is that the class will include Illinois providers. Hence, they argue, Illinois has a greater interest.

Certain cases garner more interest from the local community than others. For example, in *Amoco*, a case which involved contaminated property, the court gave considerable weight to this factor because of the nature of the issues and how they

impacted the community. ***Amoco*, 90 F.Supp.2d at 962.** The Court does not find this factor to be as salient in this case. Moreover, the Court does not believe this factor weighs in favor of one forum over the other.

Therefore, having weighed all of the factors above, the Court finds that Defendant has not met its burden of demonstrating that the Middle District of Florida is a "clearly more convenient" forum than the Southern District of Illinois.

### III. Conclusion

For these reasons, the Court **DENIES** Defendant's motion to transfer venue (Doc. 17) since a balance of the relevant factors shows that Defendant has not met its burden of demonstrating that the Southern District of Illinois is less convenient than the Middle District of Florida. The case shall remain in the Southern District of Illinois.

**IT IS SO ORDERED**.

Signed this 28th day of November, 2006.

/s/       David    RHerndon
**United States District Judge**