UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANN M. STOCK, D.C., RICHARD C. COY, D.C., and COY CHIROPRACTIC HEALTH CENTER, P.C., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INTEGRATED HEALTH PLAN, INC.,<br><br>    Defendant. | Case No. 3:06-cv-00215-DRH |

**PLAINTIFFS' MOTION TO QUASH SUBPOENA AND STRIKE DEPOSITION NOTICE, OR IN THE ALTERNATIVE A STAY OF DEPOSITION PENDING RESOLUTION OF DISCOVERY ISSUES**

Pursuant to F.R.C.P. Rules 26(c), 30(d)(4) and 45(c)(3)(A), Plaintiffs hereby move to quash Defendant's subpoena issued to Richard J. Burke and move to strike the deposition notice of same. In the alternative, Plaintiffs request a stay of any deposition pending resolution of the various pending discovery disputes. In support of their motion, Plaintiffs state as follows.

1.   On February 9, 2007, IHP served a subpoena and deposition notice purporting to set the deposition of former Lakin Law Firm employee Richard J. Burke for February 19, 2007. The deposition was later rescheduled to February 23, 2007. *Ex. A*.

2.   Defendant purports to take the deposition of Mr. Burke in conjunction with harassing subpoenas served on Plaintiffs' counsel, concerning only one half of at least five other requirements for class certification, namely, adequacy of counsel. Plaintiffs moved to quash these subpoenas (*Doc. Nos. 74 and 75*) and IHP filed its opposition brief (*Doc. No. 76.*) Plaintiffs' reply brief, which they intend to file, is currently due on February 27, 2007.

3.   IHP maintains it requires additional discovery regarding the adequacy of counsel prong of certification based on a lawsuit filed by Plaintiffs' counsel (Lakin Law Firm or LLF)

against Plaintiffs' former counsel (Freed & Weiss or F&W) and a lawsuit filed against LLF by former, terminated and disgruntled employee, Richard J. Burke.

4. For the reasons stated in Plaintiffs' motion to quash and memorandum in support, as well as Plaintiffs' opposition to Defendant's Motion for Enlargement of Time, incorporated by reference herein, Mr. Burke's deposition is completely irrelevant to issues of class certification. *Doc. Nos. 74, 75 and 79*. F.R.E. Rule 402 states, "[a]ll relevant evidence is admissible ... Evidence which is not relevant is not admissible." Relevant evidence is defined as evidence "... having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *F.R.E. Rule 401*.

5. In this case, Defendant seeks to depose Richard J. Burke, an attorney who was terminated by LLF for reasons not pertinent to this case. In retaliation for his termination, Mr. Burke filed a lawsuit specifically designed to, among other things, disparage the reputation of LLF attorneys and effectuate a self-serving deceptive "plan" to sabotage The Lakin Law Firm and its class action practice. The unverified, unfounded, and simply false allegations lodged by Mr. Burke have no bearing on Plaintiffs' Counsels' adequacy to represent the classes here. A court is only required to consider the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation and the claims of the type asserted in the action, and counsel's knowledge of the applicable law and the resources counsel will commit to representing the class. *F.R.C.P. Rule 23(g)*. Mr. Burke's testimony is not relevant.

6. Instead, IHP is abusing Rule 26 for purposes of delaying its response to Plaintiffs' well reasoned class certification motion, which is currently due February 28, 2007. Indeed, instead of seeking additional time limited solely to the narrow issue of adequacy of counsel, IHP

- 3 -

filed a motion for enlargement of time to respond to Plaintiffs' *entire* class certification brief, even though IHP acknowledges the requested discovery does not involve issues of numerosity, commonality, typicality, adequacy of the named plaintiffs, conduct or refusal to act on generally applicable grounds (injunctive relief class) and predominance (damages class).  *Doc. No. 77.*

7. It is also curious that Defendant wanted to discuss settlement with the "threat" of Mr. Burke's deposition and the other subpoenas pending.

8. Accordingly, Mr. Burke's deposition is irrelevant and the subpoena should be quashed and notice of deposition stricken.

9. Given the pendency of issues, and that IHP waited until the eleventh hour to bring these matters to the attention of the Court, an order staying the deposition of Mr. Burke until these pending discovery issues are resolved is appropriate.

WHEREFORE, for the foregoing reasons Plaintiffs move this Court to quash the subpoena served upon Richard J. Burke and strike the deposition notice of same.  In the alternative, Plaintiffs move for an order saying any deposition until such time as the Court has ruled on the various pending discovery disputes and for all other relief deemed equitable and just.

- 4 -

DATED:  February 22, 2007						Respectfully submitted,

ANN M. STOCK, D.C., RICHARD C. COY, D.C., and COY CHIROPRACTIC HEALTH CENTER, Class Plaintiffs,


By:   s/ Jeffrey A. J. Millar
       One of Their Attorneys


| | |
|---|---|
| Bradley M. Lakin #6243318<br>Robert W. Schmieder II #06239631<br>Jeffrey A. J. Millar #6271673<br>**THE LAKIN LAW FIRM, P.C.**<br>300 Evans Avenue<br>P.O. Box 229<br>Wood River, Illinois  62095<br>Phone : (618) 254-1127<br>Fax :    (618) 254-0193<br><br>**Attorneys for Plaintiffs**<br>**and Proposed Classes** | Kevin T. Hoerner #06196686<br>**BECKER, PAULSON, HOERNER,**<br>**& THOMPSON, P.C.**<br>5111 West Main Street<br>Belleville, IL  62226<br>Phone : (618) 235-0020<br>Fax :    (618) 235-8558<br><br>Tim Campbell #0378526<br>**CAMPBELL & McGRADY**<br>3017 Godfrey Road<br>PO Box 505<br>Godfrey, IL 62035-0505<br>Phone:  (618) 466-8600<br>Fax:     (618) 466-8212 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANN M. STOCK, D.C., RICHARD C. COY, D.C., and COY CHIROPRACTIC HEALTH CENTER, P.C., individually and on behalf of others similarly situated,<br><br>                        Plaintiffs,<br><br>v.<br><br>INTEGRATED HEALTH PLAN, INC.,<br><br>                        Defendant. | Case No. 3:06-cv-00215-DRH |

**Certificate of Service**

       I hereby certify that on February 22, 2007, I electronically filed Plaintiffs' Motion to Quash Subpoena and Strike Deposition Notice, or in the Alternative a Stay of Deposition Pending Resolution of Discovery Issues, with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

       Michael Kendall mkendall@mwe.com

       Lauren M. Papenhausen lpapenhausen @mwe.com

       John M. Richardson jmrichardson@mwe.com

       Alphonse J. Pranaitis alpran@il-mo-lawfirm.com

       Anne K. Garcia agarcia@il-mo-lawfirm.com

                                                 Respectfully submitted,

                                                 s/ Jeffrey A. J. Millar_____
                                                 The Lakin Law Firm
                                                 300 Evans Ave., P.O. Box 229
                                                 Wood River, IL 62095
                                                 Phone: (618) 254-1127
                                                 Fax: (618)254-3032
                                                 E-mail: jeffm@lakinlaw.com