IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANN M. STOCK, D.C., RICHARD C. COY,
D.C., and COY CHIROPRACTIC HEALTH
CENTER, P.C., individually and on behalf of
others similarly situated,

Plaintiffs,

v.

INTEGRATED HEALTH PLAN, INC.,

Defendant.                                              No. 06-CV-00215-DRH

**ORDER**

**HERNDON, District Judge:**

Now pending before the Court is Plaintiffs' Motion to Strike. (Doc. 101.) Plaintiffs seek to strike Exhibits C and O of Defendant's opposition to Plaintiffs' class certification motion and all references thereto. Plaintiffs argue that Exhibits C and O contain expert testimony and an expert report by Franklin B. Stevens, respectively, from another case and that the testimony and report should be excluded under **FEDERAL RULE OF CIVIL PROCEDURE 26(a)** because Defendant failed to disclose the expert report and testimony by the scheduling order deadline.

Defendant opposes Plaintiffs' Motion to Strike. (Doc. 107.) Defendant first asserts that **Rule 26(a)(2)(B)** merely requires a party to disclose an expert's

1

report where the expert "is retained or specially employed to provide expert testimony in the case." **FED. R. CIV. P. 26(a)(2)(B)**. Defendant argues that Mr. Stevens was not retained by it in this case and, therefore, **Rule 26(a)(2)(B)** does not require it to disclose Mr. Stevens as an expert. The Court disagrees. Exhibit O is clearly an expert report. To allow the report in simply because Defendant did not personally retain Mr. Stevens would create a loophole in **Rule 26(a)(2)(B)** that the Court does not believe was intended. Therefore, the Court will strike Exhibit O and all references thereto.

On the other hand, the Court agrees with Defendant that Plaintiffs have not presented any persuasive arguments as to why Exhibit C, the transcript of a fairness hearing in another case held before the United States District Court for the Eastern District of Pennsylvania, should be stricken from the record. "[I]t is a well-settled principle that the decision of another court or agency . . . is a proper subject of judicial notice." *Opoka v. I.N.S.*, **94 F.3d 392, 394 (7th Cir. 1996)**. Courts may take judicial notice of "proceeding[s] in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." ***Phillips Medical Systems Intern., B.V. v. Bruetman*, 982 F.2d 211, 215 (7th Cir. 1992) (quoting *United States v. Hope*, 906 F.2d 254, 260 n.1 (7th Cir. 1990)).** The case before the United States District Court for the Eastern District of Pennsylvania appears to relate to the present case. Accordingly, the Court takes judicial notice of the transcript from the fairness hearing, Exhibit C.

In conclusion, the Court **GRANTS IN PART** Plaintiffs' Motion to Strike (Doc. 101) as to Exhibit O, but **DENIES** Plaintiffs' Motion as to Exhibit C.

**IT IS SO ORDERED**.

Signed this 10th day of August, 2007.

/s/     David  RHerndon
**United States District Judge**
