UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ANN M. STOCK, D.C., RICHARD C. COY,
D.C., and COY CHIROPRACTIC HEALTH
CENTER, P.C., individually and on behalf of
others similarly situated,

        Plaintiffs,

  v.

INTEGRATED HEALTH PLAN, INC.,          Case No. 3:06-cv-00215-DRH

        Defendant.

## MEMORANDUM and ORDER

This matter is before the Court on Plaintiffs' Motion for Class Certification. (Doc. 65.) The Court, having fully considered the evidence presented, the briefs of the parties, and the oral arguments of counsel, hereby **DENIES** the Motion (Doc. 65) for the following reasons.

This putative class action was brought by two Illinois chiropractors, Ann Stock and Richard Coy, against Integrated Health Plan, Inc. ("IHP"), a participating provider organization ("PPO"). IHP has directly contracted with approximately 100,000 medical providers as part of its formation of a nationwide PPO network. Plaintiffs claim that IHP has breached a provision of their contracts with IHP that states, "IHP agrees that all Payors offer financial incentives/benefits for Covered Persons to utilize the IHP Network." Plaintiffs seek to certify a nationwide class of all health care providers that have signed agreements with IHP that contain the term "financial incentives/benefits." [1]

---

[1] As Plaintiffs apparently do not seek to include in their class any providers that have arbitration provisions in their agreements, the Court need not consider the effect of such provisions on certification of the instant class.

Plaintiffs seek to certify two classes, nationwide:

1. A damages class (Rule 23 (b)(3) (Count I), consisting of: All healthcare providers from whose medical bills PPO discounts were taken pursuant to an IHP contract that contained express language reading "financial incentives/benefits."

2. An equitable relief class (Rule 23(b)(2) (Counts V and VI), consisting of: All healthcare providers who became an IHP provider through an IHP contract that contained express language regarding "financial incentive/benefits."

Plaintiffs bear the burden of establishing that their proposed class satisfies each of the elements set forth in Federal Rule of Civil Procedure 23. ***Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584 (7th Cir. 1993).** Here, the Court is not convinced that there are questions of law or fact common to all members of the proposed class. Even if Plaintiffs were able to establish the existence of any common questions, however, such common questions would not predominate over the numerous individual questions. Accordingly, the Court finds that this case is not manageable as a class action.

As an initial matter, Plaintiffs have not established that all contracts containing the term "financial incentives/benefits" are uniform. In fact, IHP has pointed to significant differences in the language of the contracts to which the putative class members have agreed. The result of these contract differences is that IHP has taken on different obligations to different providers regarding the financial incentives or benefits to be provided. In this breach of contract action, the existence of different contractual obligations with regard to different members

of the class is fatal to class certification. Initially, Plaintiffs argued that the Court should simply rely on their complaint for the proposition that all contracts were the same and delving into facts was not appropriate. They seemed to abandon that approach at oral argument, as well they should since it is contrary to well settled law in this area. ***Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672 (7th Cir. 2001).** It is clear to the Court that not all contracts are the same. However, the lack of commonality does not end there.

A further obstacle to class certification is the numerous and differing state laws and regulations governing the three separate lines of insurance that appear to be at issue in this case. IHP has contracted with providers in all 50 states. While Florida contract law governs the large majority of putative class members' breach of contract claims, state specific laws and regulations governing group health, workers' compensation, and automobile insurance would impact certain aspects of their claims. Not only do these three lines of business for which IHP and providers contracted have different features that may be outcome determinative; IHP also has presented evidence of numerous variations in the state statutory and regulatory schemes governing these three types of insurance.

Further compounding the Court's manageability concerns are the individual inquiries that may be necessary to establish each class member's right to obtain relief. These include, for example, the questions of whether each payor or each employer offered financial incentives or benefits to patients using in-network medical providers; whether specific patients were steered to individual medical

providers; how each putative class member negotiated and understood its contract with IHP; and what expectations the different health care providers had regarding their IHP contracts.

Although there are issues that the Court believe adversely impact class treatment in the areas of typicality and the individual plaintiffs as class representatives, those factors need not be analyzed in light of the Court's findings herein.

As the *Szabo* court observed of the situation there, "[n]agging issues of choice of law, commonality, and manageability beset this case." **249 F.3d at 677.** Having found that the class lacks commonality, a Rule 23(a) prerequisite, and that the case would be unmanageable as a class action, the Court hereby **DENIES** Plaintiffs' Motion for Class Certification.

**IT IS SO ORDERED.**

Signed this 4th day of September, 2007.

/s/      DavidRHerndon
**United States District Judge**